## Case No. 266.

### ALSTON v. MANNING.

[Chase, 460.][1]

Circuit Court, D. South Carolina. June Term, 1869.

COURTS—FOLLOWING STATE PRACTICE — SUMMONING JURY.

1. The practice of the state courts in relation to summoning juries, whether statutory or otherwise, does not become the practice of the United States courts until expressly adopted by the latter.

[Cited in U. S. v. Richardson, 28 Fed. 69.]

2. A jury was summoned according to what had for a long time been the practice of the courts, and the statutory requirements of the state of South Carolina. But before the summoning of the jury, those statutory requirements and the practice of the state courts had been materially modified. The jury is properly summoned.

Motion for continuance. Under the laws of South Carolina prior to 1861, the juries in the state courts were required to be white persons owning a certain amount of property.

The circuit court of the district of South Carolina made a rule regulating the summoning of juries in conformity with that law. This rule was modified subsequent to 1866, so as to strike out all distinctions on account of race or color, but retained the property qualification for jurors after the modification of the rule of court. The state of South Carolina passed an act in 1868, abolishing all distinctions on account of race, color, or property qualifications, as to jurors in the state courts, and provided a method of selecting them in each county, whites and blacks to be summoned in proportion to the population of the races in the respective counties.

The venire for the jury to this term of the circuit court ran in accordance with the modified rule of 1866, directing the sheriff to summon persons having the stated property qualifications, without regard to color. On the return of the writ executed, and the assembling of the jury summoned under it, the defendant moved the court to continue the cause until the next term. 1. Because the rule of court under which the jury was summoned did not conform to the law of the state in existence at the time the rule was made, in that the law required white

[1][Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

persons alone to be summoned, while the rule required them to be summoned without distinction on account of race or color. 2. Because the said rule did not conform to the law of the state in existence at the time the rule was executed. The state law having abolished property qualifications, while the rule maintained it.

CHASE, Circuit Justice. The answer to the application for continuance, made in behalf of the defendant, must depend on the construction of the acts of congress relating to juries. If the proposition maintained by him is correct, that the jury now in attendance upon the court is not constituted in conformity with those laws, he can not be required to submit his cause to its determination.

The only act which it is now necessary to consider is that of July 20, 1840. This act provides that the qualifications and exemptions of jurors in the courts of the United States shall be the same as in the highest courts of the state in which trials by jury are held, and that they "shall be designated by ballot, lot or otherwise, in the mode practiced in such courts, as far as practicable, by the courts of the United States and their officers." The act of the state, in accordance with which was the mode of designating jurors practiced in the state courts when the jury now here was selected, was passed in 1859. The rule of this court conformed to that act as far as practicable. It had been modified only so far as to strike out distinction on account of color. It retained as the law of the state and the practice of the state courts, a property qualification.

It is not denied that the jury was constituted according to the law and practice of the state until last year. Then the property qualification was abolished; and later, within the last two or three months, a rule has been prescribed for the selection of juries in the several counties, from the white and colored voters in the proportion of their respective numbers. And the question is, did these late laws become at once the rule of this court so far as to make void the designation of the jury selected in conformity with the prior law and the existing rule? It is only necessary to look at the act of congress to determine this question. That act does not make the acts of the state legislature alone, but those and the practice of the state courts the guides of the United States courts in this matter. That practice, of course, is presumed to be in conformity with these acts, and is most readily ascertained by reference to them. But neither the state law nor the state practice has instantaneous operation in the courts of the Union. The state practice can only be introduced as far as practicable, and rules are necessary to determine how far it is practicable, and to introduce it to that extent. Accordingly the act provides that "the courts

of the United States shall have power to make all necessary rules and regulations for conforming the designation and impanelling of juries, in substance, to the laws and usages now in force in such state." This was done by the rule in conformity with which this jury was designated and impanelled. In order that future changes in state law and practice might be incorporated into the practice of the national courts, the act proceeds to provide: "And further shall have power, by rule, or order, from time to time, to conform the same to any change in these respects which may be hereafter adopted by the legislatures of the respective states for the state courts." Under this provision, this court has power to provide, and will doubtless recognize the duty of providing, by rule, for the future designation of juries in substantial conformity with the recent legislation. But, until some rule or order has been made to that effect, that legislation has, and under the act of congress can have, no operation here. It follows that the present jury was lawfully designated and impanelled, and is not affected by the legislation referred to.

The existing rule rejects distinction on account of color. The law now rejects, also, distinction on account of property. It will be the duty of the court to provide, by rule, for the selection of impartial, intelligent and upright—in one word, competent—jurors without regard to either of these adventitious distinctions. The motion for continuance must be denied.

Subsequently, the following rules were adopted by the court, CHASE, Circuit Justice, presiding:

To conform the manner of designating the juries, in substance, to the laws and usages now in force in the state of South Carolina, ordered,

1. That the clerk of the circuit court, and the marshal of the United States for the district of South Carolina, do make up a jury list from the state at large, of three hundred names of citizens, qualified under laws of the state of South Carolina to serve in the highest courts of the state, in which juries are used, in the following manner, to wit: they shall call upon the several collectors of internal revenue of the several collection districts in the state of South Carolina to furnish each, from the several counties in their respective districts, the names of one hundred citizens, to be selected by them, and such as they think well qualified to serve as jurors, being persons of good moral character, sound judgment, and free from all legal exceptions. Provided, if any one of the said collectors of internal revenue shall, after thirty days' notice in writing from the clerk and marshal, neglect or refuse to furnish the list of names as hereinbefore provided, then the clerk and marshal shall proceed to select a list of jurors from the

several counties in the collection district of the collector neglecting or refusing to furnish a list as aforesaid.

2. Of the lists made up as aforesaid. the clerk and marshal shall cause the names to be written, each one, on a separate paper or ballot, and shall roll up or fold the ballots, so as to resemble each other as much as possible, and so that the names written therein shall not be visible on the outside, and they shall place the ballots in a box to be kept by the clerk for that purpose. This box shall be securely locked and sealed, and only opened at the time and for the purpose of drawing jurors. The list of jurors and the box as thus made up shall be the list and box out of which jurors shall be drawn for the year ensuing.

3. When jurors are to be drawn, the clerk and marshal shall attend at the clerk's office or some other public place appointed for the purpose by a judge of the court. The ballots in the jury-box shall be shaken and mixed together, and the clerk or the marshal, in the presence of a judge of the court, unless necessarily absent, without seeing the names written thereon, shall openly draw therefrom the number of jurors required. If a person so drawn is exempt by law, or is unable by reason of sickness or absence from home to attend as a juror, his name shall be returned into the box and another drawn in his stead.

4. A jury-list shall be made up in the manner herein indicated, during the months of April and May, annually; provided. that the jury-list for the present year shall be made up as soon as practicable after the passage of this order.

5. Grand jurors shall be drawn and summoned in the same manner as jurors for trials; and when drawn at the same time as jurors for trials, the persons whose names are first drawn, to the number required, shall be returned as grand jurors, and those afterwards drawn shall be jurors for trials.

6. Grand and petit jurors to serve at any stated term of the court, whether at Charleston or at Columbia, shall be drawn, and summons therefor issued, at least fifteen days before the commencement thereof.

7. No more than thirty-one persons to serve as petit jurors, or nineteen to serve as grand jurors, shall be drawn and summoned to attend. at one and the same time, any court, unless the court shall otherwise order.

8. When by reason of challenge or otherwise, a sufficient number of jurors duly drawn and summoned can not be obtained for the trial of any cause, civil or criminal, the court shall forthwith cause jurors to be returned from the bystanders to complete the panel. The jurors so returned from the bystanders shall be returned by the marshal or his deputies, and shall be such as are qualified and liable to be drawn as jurors according to the provisions of law.

9. No person shall be liable to be drawn and serve as a juror oftener than once in two years; but he shall not be so exempt unless he attends and serves as a juror in pursuance of the draft.

10. The jurors in attendance at any term of the court shall be empanelled in the same manner as provided by the laws of the state of South Carolina.

11. The rules heretofore passed relative to designating, drawing, and empanelling jurors, are hereby rescinded.